**In re SMITH.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V95–53328.

Decided Jan. 31, 1997.

*Teresa M. Smith,* pro se.

*Betty D. Montgomery,* Attorney General, for the state.

OPINION AND ORDER OF THREE-COMMISSIONER PANEL.

This appeal came to be heard before this panel of three commissioners on December 4, 1996 at 10:00 a.m. upon applicant Teresa M. Smith's September 6, 1996 objection to the August 8, 1996 decision of the single commissioner.

The single commissioner denied the applicant's claim pursuant to R.C. 2743.60(C), as the single commissioner found that the applicant failed to cooperate fully with law enforcement authorities.

The Attorney General and the applicant attended the hearing and presented oral argument for this panel's consideration.

From review of the file, this panel finds that the applicant did not fail to cooperate fully with law enforcement authorities pursuant to R.C. 2743.60(C).

R.C. 2743.60(C) states:

"A single commissioner or a panel of commissioners, upon a finding that the claimant or victim has not fully cooperated with appropriate law enforcement agencies, may deny a claim or reconsider and reduce an award of reparations."

The court in *In re Lewis* (May 5, 1983), Ct. of Cl. No. V82–43655sc, unreported, stated:

"[A]ny action, inaction, or inexcusable neglect by an applicant which substantially impedes or impairs investigation or prosecution proceedings which have been initiated by the law enforcement authorities, or which would have been initiated but for the action, inaction, or inexcusable neglect, constitutes a failure to cooperate fully as required by R.C. 2743.60(C)."

The single commissioner stated that although the applicant reported the criminally injurious conduct to the Van Wert County Sheriff's Office within seventy-two hours of its occurrence, and the offender was arrested and charged with domestic violence, the applicant subsequently signed a dismissal of the charge, resulting in the termination of the prosecution of the offender. However, the Attorney General stated in her brief, and at the hearing, that the prosecutor

favored the dismissal of the charge, contingent upon the offender's completing counselling and the absence of further violence between the offender and the applicant for a minimum of sixty days. Hence, this panel finds there has been no "action, inaction, or inexcusable neglect" by the applicant that substantially impeded or impaired the prosecution proceedings.

Accordingly, this panel finds that the applicant did not fail to cooperate fully with law enforcement authorities, and the claim shall not be denied pursuant to R.C. 2743.60(C). Hence, the August 8, 1996 order of the single commissioner is reversed, and the claim is remanded to the single commissioner for determination and referred to the Attorney General for further investigation and a new finding of fact and recommendation addressing the applicant's economic loss.

IT IS THEREFORE ORDERED THAT:

1. The August 8, 1996 order of the single commissioner is REVERSED;

2. This claim is remanded to the single commissioner for determination and referred to the Attorney General for further investigation and a new finding of fact and recommendation addressing the applicant's economic loss;

3. The Attorney General shall file the new finding of fact and recommendation on or before April 1, 1997;

4. The applicant may respond to the new finding of fact and recommendation within twenty-one days after it is filed by the Attorney General;

5. Costs assumed by the reparations fund.

*So ordered.*

DALE A. THOMPSON, STEVEN A. LARSON and KARL H. SCHNEIDER, Commissioners, concur.